# TEXAS UNEMPLOYMENT COMPENSATION COMMISSION ET AL V. H. J. BASS ET AL.

No. 7795.  Decided April 9, 1941.
Rehearing overruled June 4, 1941.
(151 S. W., 2d Series, 567.)

*Gerald C. Mann,* Attorney General, *Geo. W. Barcus, Morris Hodges, Ocie Speer,* Assistants Attorney General, for plaintiff in error.

The trial court's findings of fact, and the undisputed evidence showing, as a matter of law, that all three of the partnerships involved as employing units were each and all controlled by a common interest, and were common partners, and the judgment of the trial court as affirmed by the Court of Civil Appeals was erroneous. Oil Lease & Royalty Syndicate v. Beeler, 217 S. W. 1054; Cornell v. Coyne, 192 U. S. 418; Steward Machine Co. v. Davis, 301 U. S. 548.

*Davidson, McMahon & Smart,* of Abilene, for defendants in error.

Because partners in one partnership own stock in another is not conclusive that the partnerships are under the same control, and where the evidence shows that each of the partnerships involved in this controversy were under a separate management it cannot be said that there was a mutual interest in all the partnerships. 40 C. J. 69; H. E. Butt Grocery Co. v. Sheppard, 137 S. W. (2d) 823; State v. Hogg, 54 S. W. (2d) 274.

*Saner, Saner & Jack,* of Dallas, and *Scarborough, Yates & Scarborough,* of Abilene, filed briefs as amici curiae.

MR. JUSTICE CRITZ delivered the opinion of the Court.

Three partnerships in Abilene, Taylor County, Texas, filed this suit in the district court of such county against the members of the Texas Unemployment Compensation Commission to permanently enjoin them from collecting, or attempting to collect, from such partnerships, or any of them, or from any of the co-partners forming such partnerships, contributions or taxes claimed by the Commission to be due by such partnerships as an "Employer" under the Unemployment Compensation Act of this State. Such Act is now carried in the pocket supplement of Vernon's Annotated Civil Statutes of Texas as Article 5221b—1 to 22, both inclusive. The Commission answered to the merits, and also filed crossaction to recover the contributions or taxes sought to be enjoined. Trial in the dis-

trict court was before the court without the intervention of a jury, and resulted in a judgment enjoining the Commission from collecting, or attempting to collect, the taxes asserted by it. Also the judgment decreed that the Commission take nothing on its cross action. This judgment was affirmed by the Eastland Court of Civil Appeals. 142 S. W. (2d) 406. This Court granted writ of error on the application of the Commission.

The facts of this case are undisputed—only law questions are involved.

The three partnerships operate three retail drug stores in the City of Abilene in this State. Each of these stores is operated as a separate business and occupies a separate building. These building are in different parts of the city. The three partnerships operate respectively under the names of McLemore-Bass Drug Company No. 1, McLemore-Bass Drug Company No. 2, and McLemore-Bass Drug Company No. 3. H. J. Bass, J. B. Ray, and Mrs. A. P. McLemore, a feme sole, compose the No. 1 partnership. The same three partners who own No. 1 and one additional partner, George D. Graves, own No. 2. The same three partners who own No. 1 and one additional partner, H. K. Bass, own No. 3. As we understand this record, H. J. Bass, J. B. Ray, and Mrs. A. P. McLemore own all of No. 1, one-third each. The three partners who own all of No. 1 also own one-fourth each of No. 2, and George D. Graves owns the other one-fourth. The three partners who own all of No. 1 and three-fourths of No. 2 also own three-fourths of No. 3, and H. K. Bass owns the other one-fourth. It is thus seen that the same three partners together own all of No. 1 and three-fourths of Nos. 2 and 3.

It appears that No. 1 is in the active and exclusive control of J. B. Ray. He is the managing partner, and his rights as such exist by virtue of a contract between all three partners, entered into at the inception of such partnership. No. 2 is in the active and exclusive control of George D. Graves under the same circumstances and conditions that apply to J. B. Ray regarding No. 1. No. 3 is in the active and exclusive control of H. K. Bass under the same circumstances and conditions that apply to J. B. Ray regarding No. 1 and George D. Graves regarding No. 2. The three partnerships are operated independently of each other in every particular, and there is no contention of any fraudulent intent of the parties to evade these taxes in their formation and conduct.

It appears that no one of these partnerships employs as many as eight employees, but the three partnerships together employ more than eight. An employer who does not employ eight or more employees does not come under our Unemployment Compensation Act. It thus appears that whether or not these three partnerships owe the taxes here involved depends on whether or not under our Employment Compensation Law the three partnerships comprise one employer. If they do, the taxes are due; if they do not, the taxes are not due.

Article 5221b—17 (f) (4) provides:

"'Employer' means
\*    \*    \*    \*    \*

"Any employing unit which together with one or more other employing units, is owned or controlled (by legally enforceable means or otherwise) directly or indirectly by the same interest, or which owns or controls one or more other employing units (by legally enforceable means or otherwise), and which, if treated as a single unit with such other employing unit, would be an employer under paragraph (1) of this sub-section."

Article 5221b—17 (e) defines "Employing unit" as meaning "any \* \* type of organization, including any partnership, \* \* which has, \* \* in its employ one or more individuals performing services for it within this State."

Article 5221b—17 (f) (1) provides that "Employer" means "Any employing unit which \* \* has \* \* in employment eight (8) or more individuals, \* \*."

1, 2 Under the provisions of Article 5221b—17 (f) (4), above quoted, "Employer" means "Any employing unit which together with one or more other employing units, is owned or controlled (by legally enforceable means or otherwise) directly or indirectly by the same interest, \* \*." It will be noted that under this statute if more than one employing unit is controlled directly or indirectly by the same interest, the combined units constitute one employer. If such combined units, "controlled" by the "same interest," employ eight or more employees, they come under our Unemployment Compensation Statutes, and therefore come under the taxes thereby imposed. If these three partnerships are under the control of the same interest within the meaning of the above-quoted statute, these taxes are owing. If they are not under such control, the contrary is true.

Under the provisions of Article 5221b—17 (f) (4), above quoted, "Employer" means "Any employing unit which together with one or more other employing units is owned or controlled * * by the same interest." It is evident that these three concerns are not owned by the same "interest." This is because there is a partner in No. 2 who has no interest in No. 1 or No. 3; and there is a partner in No. 3 who has no interest in No. 1 or No. 2. It follows that if these concerns constitute one "Employer," it must be because they are under the "control" of the "same interest," within the meaning of the above-quoted statute.

As a general rule, partnerships are legally under the control of the majority of the partners; but, as between themselves, the members of a partnership may vest the sole control in one of the partners to the exclusion of all the others. Thompson v. Schmitt, 115 Texas 53, 274 S. W. 554; Oil Lease & Royalty Syndicate v. Beeler (Civ. App., writ refused), 217 S. W. 1054.

When we come to consider whether these three partnerships are actually controlled by the same interest, we find that they are not. One partner controls No. 1. Such partner owns an interest in No. 2 and No. 3; but he exercises no control thereof. Another partner controls No. 2; but such partner does not even own an interest in No. 1 or No. 3. Another partner controls No. 3; but such partner does not even own an interest in No. 1 or No. 2. It is thus evident that each of the three partnerships is actually controlled by a different person, and such control is complete and to the exclusion of all other partners. It follows that there is no actual common control of these three partnerships by the same interest. Murphy v. Doniphan Telephone Co. (Mo.), 147 S. W. (2d) 616.

In the Murphy case, supra, the Supreme Court of Missouri had before it for construction the Missouri Unemployment Compensation statute, (Sec. 13194-1, Mo. St. Anno. p. 4770 et seqs) which seems to be identical with our statute, above quoted. In construing such statute on the question of control the Court said:

" * * Proof that the *control* of the two 'employing units' was ultimately vested in the 'same interests,' and that both could be controlled, did not compel the conclusion that both employing units were *controlled* by the 'same interests.'"

3  As we understand his brief and argument, the Attorney General contends that the control referred to in the above-quoted statute is the control that would exist under the law,

absent an agreement between the partners to the contrary. We are unable to give the statute that construction, because it does not so say. To the contrary, it in effect says that the control referred to is that control which is enforceable. In this connection, we refer to the fact that the statute, in effect, says that the control it refers to is that control which may be exercised "by legally enforceable means or otherwise." Simply stated, the statute defines the control it refers to. It must be control that is enforceable. The only control that is enforceable in this instance is that which the partners have agreed to.

There is another reason why we are unable to give this statute the construction that the control therein referred to is the control that the law would apply, absent an agreement between the parties. To view this matter in the light most favorable to the Commission, it must be said that this statute is open to construction. Such being the case, it must be construed strictly against the taxing authority. This is so because this is not a case involving the question of exemption from taxation; but, to the contrary, this is a case involving the question as to whether or not the tax is levied in the first instance. As held by the Court of Civil Appeals, where a question of exemption from taxation is involved, the statute must be construed liberally in favor of the taxing authority, and strictly against the one claiming the exemption. To the contrary, where the question involved is whether the person on whom the tax is sought to be imposed comes within the statutory provision imposing the tax, the statute must be construed strictly against the taxing authority and liberally in favor of the person sought to be held. (See authorities cited by the Court of Civil Appeals.) When we apply the above rules to this case, we are compelled to apply this statute so as to give the doubt in favor of those on whom the tax is sought to be imposed. When we do this, we are compelled to the conclusion that the unemployment compensation tax here sought to be imposed by the commission is not applicable to these three partnerships.

The judgments of the Court of Civil Appeals and district court are both affirmed.

Opinion delivered April 9, 1941.

Rehearing overruled June 4, 1941.