

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Claude A. Williams
Chairman and Executive Director
Texas Unemployment Compensation Commission
Brown Bldg.
Austin, Texas

Dear Sir:

Opinion No. O-3781
Re: Application of Article
5221b, Section 17 (f) (4),
V.A.C.S., to certain re-
lated fact situations.

Our answer to your questions, subsequently stated
in this opinion, has been delayed by the appeals in the ap-
pellate courts of this State on fact situations involving the
above enumerated statute.

You have asked that we assume in the fact situations
inquired about that there were sufficient persons in employ-
ment in the required days and weeks to constitute coverage
under the Unemployment Compensation ACt provided Section 17
(f) (4) of the Unemployment Compensation Statute is applicable.

We are also to assume that, unless specifically
stated to the contrary, in each partnership all partners are
active in the management and that no control or management
of the partnership has been delegated to one of the partners.

You have first inquired if Section 17 (f) (4) of
Article 5221b, Vernon's Annotated Civil Statutes, renders
each employing unit liable as an employer under the following
facts:

"A owns and operates and individual business. A
with B operates a partnership. A's investment in the
partnership amounts to 60% of the assets thereof,
B's to 40%."

The Texas Unemployment Compensation Act defines
"employer" in Section 17 (f) (4) as follows:

"(4) Any employing unit which together with
one or more other employing units, is owned or con-
trolled (by legally enforceable means or otherwise)

directly or indirectly by the same interest, or
which owns or controls one or more other employing
units (by legally enforceable means or otherwise),
and which, if treated as a single unit with such
other employing unit, would be an employer under
paragraph (1) of this subsection;"

We are requested to advise you whether under the
fact situation stated above the individual business of A and
the partnership business of A and B is owned or controlled
(by legally enforceable means or otherwise) directly or in-
directly by the same interest.

In our opinion No. 0-1724, issued January 4, 1940,
we held that an individual owning six-sevenths of the assets
of a partnership and active in the management of the part-
nership and the same individual operating his own business
owned and controlled both imploying units within the meaning
of Section 17 (f) (4) of our Unemployment Act. This opinion
was released prior to the release of the opinion in the case
of Texas Unemployment Commission vs. Bass, 151 S. W. (2d) 567.

In our present situation, it is confessed that A
owns and controls his individual business. With respect to
the partnership business of A and B it is generally held that
each partner, in the absence of an agreement to the contrary,
has an equal right to control and manage the business. 49
Cor. Jur., Sec. 295. It is likewise true that it is generally
held that partnerships are legally under the control of a
majority of the partners. Texas Unemployment Compensation
Commission vs. Bass, 151 S. W. (2d) 567. There is no majority
of partners as between two members of a partnership; it,
therefore, appears to us that the ownership and control of
the partnership in this fact situation is in both A and B.
It is true that A may dissolve the partnership by withdrawing
from it and in that sense he controls the partnership, but
B, the investor of 40% in the business, may likewise dis-
solve the partnership business.

In the case of Texas Unemployment Compensation Com-
mission vs. Bass, supra, the court held that the three com-
mon partners in the three partnerships were not owned by the
same interests because there was an additional partner in two
of the three partnerships. That decision indicates to us
that the court does not believe that this statute means that
it is sufficient if the same interests own a majority of the
stock or of the assets of a partnership. Therefore, we do
not believe that A, who has his individual business and who
owns 60% of the assets of the partnership, owns both of the
employing units within the provision of the Act under con-

struction. The power of each partner to trade and to incur liability on behalf of the partnership is unquestioned; aside from this power, A has no more authority in the partnership business than does B. It is a business that may be controlled equally by either partner.

Further, the court stated in the opinion in the Bass case that the control intended by the statute is that control which is enforceable. As in the Bass case, the only control that is enforceable is that which the partners have agreed to. In this instance, there is an equal power of control in A and B.

We are of the opinion that Section 17 (f) (4) may not be applied to render liable for unemployment taxes the employing units owned by A and the partnership of A and B. The construction of the statute given by the Supreme Court of Texas in the Bass case does not permit us to indulge in a broad interpretation of this provision of the statute.

Your question No. 2 asked if there is liability upon both employing units for unemployment taxes if,

"A and B are equal partners in a grocery business, A and B are likewise equal partners in a drug business."

The statute specifies only ownership and control. There are two owners and partners, the same persons, in each of the two businesses under consideration. There are only the two owners in each business; therefore, we believe that the two businesses are owned and controlled by the same interest.

The question has been raised as to the meaning of "interest," whether it is to be construed as singular or plural. Our answer to that question is found in Article 10, paragraph 4 of Vernon's Annotated Civil Statutes, upon the Construction of Laws; it is:

"The singular and plural numbers shall each include the other, unless otherwise expressly provided."

This forecloses any doubt that the use of the term "interest" may also include "interests."

The next question arising under this fact situation would arise by reason of the difference in the types of businesses operated, there being a drug business and a grocery business.

One of the earliest decisions on this question was by the Supreme Court of North Carolina in the case of Unemployment Compensation Commission vs. City Ice & Coal Company, 3 S.E. (2d) 290, in which there were three corporations involved, two of them being in the ice and coal business and the third one in the dairy business. The court there held that the three businesses should be considered as one unit under a statute similar to Article 5221b, Section 17 (f)(4), Vernon's Annotated Civil Statutes.

More recently, the Court of Civil Appeals at Beaumont, Texas, affirmed the judgment of the trial court in the case of Washington Oil Corporation vs. The State of Texas, not yet reported, in a fact situation involving several corporations engaged in different types of the Oil business. The Supreme Court refused writ of error in this case. The Mississippi Supreme Court in Avent et al vs. Mississippi Supreme Court, decided November 24th, not yet reported, held that a drug store and a dairy were controlled by the same interest and applied a similar statute. The courts make no distinction in the application of this provision of the statute because the types of businesses involved are different.

In our opinion the facts related in your situation No. 2 are within the inclusion of Section 17 (f)(4) and the two partnerships may be treated as a single unit.

Your third question recites that:

"A, B and C are equal partners in a business. A, B and D are equal partners in an another business."

You have asked that we assume that control of each partnership is in all of the partners and that there has been no delegation of control to any one of the partners. Under the holding of the Supreme Court in the Unemployment Compensation Commission vs. Bass, supra, the two partnerships are not owned by the same interests. Further, the fact situation present here and that in the Bass case are similar except that in the Bass case there were three partnerships. As said by Judge Critz in the Bass case:

"As a general rule partnerships are legally under the control of the majority of the partners, but as between themselves, the members of a partnership may vest the sole control in one of the partners to the exclusion of all others. Thompson v. Schmitt, 115 Tex. 53; 274 S. W. 554; Oil Lease & Royalty Syndicate vs. Beeler, 217 S. W. 1054."

There has been no delegation of partnership control, but on the contrary the facts are that A, B and C control partnership No. 1 and A, B and D control the other partnership. Applying the previously stated rule of law that ordinarily control of the partnership is in the majority of the partners, A and B are active and equally in control and compose the majority in the partnership No. 1 and they are similarly active and equal in the control and management of partnership No. 2. Therefore, we are of the opinion that the two partnerships are controlled by the same interest and that Section 17 (f)(4), supra, is applicable to this fact situation rendering both units "employers" under the Act.

Your fourth fact situation is:

"H and W are husband and wife. H manages a business which is community property. W manages a business which is her separate property. The receipts of W's business go into a bank account maintained in the business name, separate and a-part from H's bank account, into which the receipts of the community business go. H does not in any manner interfere with or attempt to manage W's business, although he has made no gift of the profits of W's business to her as they accrue."

H, the husband, manages the business which is the community property of H and W and under Article 4619, Vernon's Annotated Civil Statutes, the control of this community property is in the husband. We must now determine whether H owns or controls the business operated by W.

You have recited that the receipts from W's business go into a bank account maintained in the business name separate and apart from H's bank account. Article 4622, Vernon's Annotated Civil Statutes, provides that the funds on deposit in a bank whether in the name of the husband or wife shall be presumed to be the separate property of the party in whose name they stand, regardless of who made the deposit. 23 Tex. Jur., Section 72, page 96, states that the enactment of this statute is not for the purpose of controlling the status of the property, but is merely a rule of evidence designed primarily for the protection of the bank in paying out such monies. The presumption that property is that of the spouse in whose name the deposit is carried may be rebutted. "Technically, a married woman may be a merchant or trader at will," so far as the immediate transaction of business is concerned." 23 Tex. Jur. p. 304. However, the profits of the business engaged in by W, in our opinion, are community profits and property. See Speer's Law of Marital Rights in Texas,"p. 367.

Article 4714 of Vernon's Civil Statutes gives the wife the authority to control her separate property, and in this instance the business that she is operating.  In general, profits, whether by way of interest, dividends or revenues do not belong to the separate estate of the husband or wife.  23 Tex. Jur., Section 60, page 85.  The earnings of the business operated by W being community property, it will be necessary for you to determine whether these profits go back into the business operated by W.  If the profits go back into the business and are commingled, the separate estate loses its identity and assumes the character of community property.  W must be able to identify the separate estate in order to sustain a claim of the property being her separate estate.  We do not have all of these facts, but if the profits, representing community funds, have gone back into the business, the business changes its character and becomes community business, and under the statute is legally under the control of H, the husband, even though it is operated by the wife.

The decisions of our appellate courts reflect that the application of Section 17 (f)(4) depends upon the facts.  If, in fact, the business is run solely and exclusively by W, without consultation or advice from H, there is no actual control of that business by H.

There is, however, the legal conception that husband and wife are one person and the husband is in control of the community property.

In our opinion, you will have to obtain all the available facts before determining if this is a situation covered by Section 17 (f) (4).  You must bear in mind the requirement of actual control; if there are any facts reflecting such control by H, we believe that the two units may be considered as one employing unit.

If you should decide that H is controlling the business of W, we believe that you would also have the burden of proving the community profits were commingled with the separate estate.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/Morris Hodges
      Morris Hodges
            Assistant

MH:N:wc


APPROVED FEB 27, 1942
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman