

# THE ATTORNEY·GENERAL
## OF TEXAS

GROVER SELLERS          AUSTIN 11, TEXAS

ATTORNEY GENERAL

Honorable George D. Minick
County Attorney
Wood County
Quitman, Texas

Dear Sir:                 Opinion No. O-6173
                       Re: Authority of sheriff to
                             sell unredeemed land
                             acquired by the State at a
                             tax sale when the original
                             owner pays all taxes, pen-
                             alties and interest after
                             the expiration of the
                             period of redemption.

From your opinion request of October 19, 1944, and a letter from Mr. G. C. Parker, attorney for the Sells Petroleum Inc., we summarize the following facts:

Prior to 1931, one Ellis owned and occupied 45 acres of land in your county. In February, 1931, judgment was entered in a tax suit for all taxes delinquent on this land since 1919, and on March 31, 1931, execution issued upon this judgment and was executed by the sheriff, who, for failure of other bidders, bid the land in for the State and executed his deed conveying the land to the State. For purposes of this opinion, we assume that all of the proceedings involved in this suit and sale were regular and that there are no defects at any stage of these proceedings.

Although this land was not redeemed during the period of redemption, the sheriff has not yet made a second sale of the land, and no action has been taken to alienate to a third person whatever title the State holds by virtue of its tax deed. From the time of the sale to the present, Ellis has continued to occupy the land.

At certain indeterminate times since the expiration of the period of redemption--including, apparently, times in 1937 and 1943--certain payments have been made to the tax col-

lector relative to this land and redemption
certificates have been issued therefor. Mr.
Parker contends that these payments cover all
taxes, penalties, interest and costs due on
this land. You express doubt as to whether
the costs have been paid, but state that all
taxes, except for the current assessment, have
been paid.

Under the terms of Article 7328, V.A.C.S., your
sheriff possessed the power to make a second sale of this
land at public outcry to the highest bidder at any time after
the expiration of the redemption period. This power he has
not yet exercised. If you are correct in your belief that
the costs have not been paid, and thus that all of the taxes,
penalties, interest and costs due on this land have not been
paid, it is our opinion that the land has not been redeemed
and that it may now be sold by the sheriff in conformance with
the applicable provisions of Article 7328.

On the other hand, if Mr. Parker is correct in his
belief that all of these items have been paid, with such pay-
ments being made subsequent to the expiration of the redemp-
tion period, the question arises as to whether the original
owner may redeem from the State only during the redemption
period or whether he may redeem by payment at any time while
title to the land remains in the State.

In connection with this question, it is to be remem-
bered that our courts have adopted rules of construction where-
by tax statutes are construed strictly insofar as they affect
the rights and privileges of the taxing authority and liberally
insofar as they affect the rights and privileges of a taxpayer.
Texas Unemployment Compensation Commission, et al. v. Bass,
151 S.W. (2d) 567. Moreover, the statutes relating to the
foreclosure and sale of land for delinquent taxes have uniform-
ly been held to be for the purpose of forcing collection of
the taxes rather than for the purpose of enabling the State
to obtain a profit upon the sale of such land. The law abhors
forfeitures and favors redemption. Black on Tax Titles
(2nd Ed.) ¶ 348. Thus, as was said by the Court of Civil
Appeals of Texas in the case of League v. State, 56 S.W.
262, " . . .It has always been the policy of the state to ex-
tend the time for redemption of lands, and never to acquire
them for itself."

An apt illustration of these principles is to be
found in the case of Federal Crude Oil Co. v. Yount-Lee Oil
Co., et al., 52 S.W. (2d) 56. In this case, although the
franchise tax statutes provide only that when the right to

do business of a corporation has been forfeited for non-payment of franchise taxes, the taxpayer may revive such right by paying the taxes, interest and penalties within six months from the date of such forfeiture, the Supreme Court held that the six months period is in no way a limitation and that a revival may also be effected by making the proper payment after the expiration of the statutory period. In so holding, the Court said:

"This statute is purely a revenue measure. Under it large sums are collected for the support of the state government. Statutes of this nature are always liberally construed so as to effectuate the chief object and purpose of their enactment. In making provision for the collection of public revenue, ordinarily time is not of the essence of the thing sought to be accomplished. . .

"No sound reason can be advanced why the Legislature should desire to prevent a corporation from reviving its right to do business by paying its delinquent tax with accumulated penalties after the time fixed in the statute if at the time payment is made the state has not availed itself of its right to bring a suit against said corporation for the purpose of forfeiting its charter. If corporations are permitted to pay their delinquent franchise taxes, with accumulated penalties, at any time and thereby obtain a revival of their right to do business, and to use the courts, the chief object and purpose of the statute to obtain the payment of such taxes will be more readily accomplished."

In our opinion, the principles and rules of construction above set forth control the instant question and establish the right of the taxpayer to redeem his land upon making the payments required by law, regardless of whether such payments are made before or after the expiration of the redemption period. The statutes prescribing a two year redemption period nowhere provide that redemption may not be effected after the expiration of such period. On the contrary, these statutes merely provide--in the language of Article 7340--that the owner "shall have the right at any time within two years from the date of sale" to redeem the land. In our opinion, this establishment of a stated period was not for the purpose of setting a date beyond which redemption may not be had. Rather, we feel, this period was established to insure the original owner that he possesses an absolute right of redemption during such period and that during such period the State will not

interfere with such right by selling the land to a third person. Stated differently, these statutes do not cut off the right of the original owner to redeem after the expiration of the redemption period; rather they merely insure the original owner that his right of redemption may not be jeopardized during such period.

Consequently, if Mr. Parker is correct in his contention and if proper payment of all taxes, costs, interest and penalties has been made, you are respectfully advised that the land in question has been redeemed and that the sheriff does not now possess the power to sell such land. In further support of this conclusion we call your attention to the holding and authorities in our Opinion No. O-423, a copy of which opinion is enclosed herewith.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED NOV. 4, 1944                    Very truly yours
/s/ Carlos C. Ashley
FIRST ASSISTANT ATTORNEY GENERAL    ATTORNEY GENERAL OF TEXAS

THIS OPINION CONSIDERED           By /s/ R. Dean Moorhead
AND APPROVED IN LIMITED                  R. Dean Moorhead
CONFERENCE                                      Assistant

RDM:ff-dhs
Encl.