

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

January 19, 1967

Honorable S. Perry Brown
Chairman-Executive Director
Texas Employment Commission
Austin, Texas

Dear Mr. Brown:

Opinion No. M-11

Re: Timeliness of application
for refund of contributions
under the provisions of
Article 5221b-12(j)(1), V.C.S.

This is in answer to your request for an opinion concerning the following questions.

"1. Does Article 5221b-12(j)(1) constitute a three-year statute of limitations with respect to the Commission's authority to consider applications for refund made after the three-year period has expired?

"2. If so, is the Commission authorized to waive at its discretion in meritorious cases this statutory defense and consider applications for refund made after the three-year period has run?

"3. If you have decided that Article 5221b-12 (j)(1) is a statute of limitations and the Commission has authority to waive it in meritorious cases, may such authority be exercised at the discretion of the Commission prior to the filing of a lawsuit by the taxpayer for recovery of such refund?"

Article 5221b-12(j)(1), Vernon's Civil Statutes, provides as follows:

"Where any employing unit has made a payment to the Commission of contributions and/or penalties alleged to be due, and it is later determined that such contributions and/or penalties were not

> due, in whole or in part, the employing
> unit making such payment may make ap-
> plication to the Commission for an ad-
> justment thereof in connection with
> contribution payments then due, or for
> a refund thereof because such adjust-
> ment cannot be made. If the Commission
> shall determine that such contributions
> or penalties, or any portion thereof
> were erroneously collected, the Com-
> mission shall allow such employing unit
> to make an adjustment thereof without
> interest in connection with contribution
> payments then due by such employing unit.
> If such adjustment cannot be made, the
> Commission shall refund said amount without
> interest from the fund. It is provided,
> however, that no application for adjust-
> ment or refund shall ever be considered
> by the Commission unless the same shall
> have been filed within three (3) years
> from the date on which such contributions
> and/or penalties would have become due,
> had such contributions and/or penalties
> been legally collectible by the Commission
> from such employing unit. . . ."

The general rule of law is that a taxing statute must
be plain and unambiguous to levy a tax, but once the tax
is established, then an exception to the payment of the tax
is strictly construed against the exception or exemption.
Texas Unemployment Compensation Com'n. v. Bass, 137 Tex. 1,
151 S.W.2d 567 (1941).

We are of the opinion, in answer to your question number
1 and 2 that Article 5221b-12(j)(1) is not a statute of limi-
tations which may be waived but is rather a statute of pro-
hibition, or a statute in bar, and the Employment Commission
is barred from considering an application for adjustment or
refund after the three-year period stated in the statute has
expired.

It is a well established principle of law that the
courts in construing a statute will endeavor to carry out

the intent and purpose of the Legislature. 53 Tex.Jur. 2d 168, Statutes, Sec. 119.

It is hard to conceive of language more specific than that used in the statutes under construction wherein it is stated that "it is provided, however, that no application for adjustment or refund shall ever be considered by the Commission unless the same shall have been filed within three years. . . ." (Emphasis added)

The Legislature in enacting this statute certainly intended that it have some meaning or purpose. If the three-year provision could be waived, then, in fairness to all and to make the statute apply equally to all persons it would be necessary to waive the three-year provision across the board in all cases, and this would make the statute absolutely meaningless.

Paragraph number (2) of Section (j) of the above statute provides that when an employing unit has made application to the Commission for a refund or adjustment within the three-year time limit and such application for refund or adjustment has been denied by the Commission, such employing unit, may, within one year from the date on which notice of such denial was mailed to it (meaning the employing unit), commence an action in any court of competent jurisdiction in Travis County, Texas. This indicates that the Legislature intended that the application for refund or adjustment must be filed within three years or they would be barred from commencing an action in the court for the refund or adjustment.

The following is quoted from 1 Tex.Jur.2d 666, Administrative Law, Sec. 23:

> "The right to invoke an administrative agency's authority may be lost by delay. Thus, where the statute prescribes a period within which application is to be made, presentation of the application within the specified period is said to be 'exclusive and jurisdictional'. . . ."

By virtue of our answers to your questions number 1 and 2, we deem it unnecessary to answer your question number 3.

## S U M M A R Y

The Texas Employment Commission does not have authority to waive the three-year provision authorizing the time in which an employer may apply for adjustments or re- funds under Article 5221b-12(j)(1), V.C.S.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by J. H. Broadhurst
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-chairman
Jack Goodman
John Reeves
Neil Williams
Linward Shivers

Staff Legal Assistant
A. J. Carubbi, Jr.