

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 5, 1968

Honorable Robert S. Calvert
Comptroller of Public Accounts
State Capitol Building
Austin, Texas

Opinion No. M-241

Re: Applicability of credit
provision of Article 7359a,
V.C.S. to motor vehicle use
taxes imposed by Article
6.01(2), Taxation-General

Dear Mr. Calvert:

Your letter requesting the opinion of this office on the above question reads as follows:

"The Comptroller hereby requests your official opinion regarding the application of the Motor Vehicle Sales and Use Tax, Chapter 6, Title 122A, Taxation-General, Texas Civil Statutes, as amended, 1925. Article 6.01(2) and (3) (Taxation-General) provide for a use tax upon any person bringing a motor vehicle into the State for use upon the public highways. Article 6.01(2) reads as follows:

"There is hereby levied a use tax upon every motor vehicle purchased at retail sale outside this State and brought into this State for use upon the public highways by any person, firm or corporation who is a resident of this State or who is domiciled or doing business in this State. The tax imposed by this subsection shall be equal to two per cent (2%) of the total consideration paid or to be paid for said vehicle at said retail sale. The tax shall be the obligation of and be paid by the person, firm or corporation operating said motor vehicle upon the public highways to this State.

"Article V(1) of Article 7359a (Vernon's Civil Statutes) provides for a credit under certain instances. Article V(1) reads as follows:

> "Each purchaser liable for a use tax on tangible personal property shall be entitled to full credit for the combined amount or amounts of legally imposed sales or use taxes paid by him with respect to the same property to another state and any subdivision thereof. The credit shall be applied first against the amount of any use tax due the state and any unused portion of the credit shall be then applied against the amount of any use tax due a subdivision.

> "Under the above provision, is the person who has paid a sales tax in another state on the purchase of a motor vehicle entitled to a credit against the Texas tax on the use of the motor vehicle in this State. Secondly, is the person entitled to the same credit against the use tax levied by Article 6.01(3) which reads as follows:

>> "There is hereby levied a use tax in the sum of Fifteen Dollars ($15) upon any person making application for the initial certificate of title on a motor vehicle which was previously registered in his name in any other State or foreign country. It is the purpose of this subsection to impose a use tax upon motor vehicles brought into this State by new residents of this State." (parenthesis ours)

At the outset we note that the two taxes imposed by subsections (2) and (3) of Article 6.01 are alternative in the sense that if one tax is imposed, then the other tax is not imposed.

By Section 1 of Article 7359a, the State of Texas adopted the Multistate Tax Compact, which became effective in Texas June 13, 1967. One of the express purposes of the Compact, as set out in Article I, is to avoid duplicative taxation. While some provisions of the Compact apply only to tax situations involving states which are parties to the Compact, paragraph 1 of Article V of the Compact is not so limited.

Paragraph 7 of Article II of the Compact defines "sales tax" and paragraph 8 further provides:

"'Use tax' means a nonrecurring tax, other than a sales tax, which (a) is imposed on or with respect to the exercise or enjoyment of any right or power over tangible personal property incident to the owner-ship, possession or custody of that property or the leasing of the property from another including any consumption, keeping, retention, or other use of tangible personal property and (b) is complementary to a sales tax."

The taxes imposed by subsections (2) and (3) of Article 6.01 clearly are use taxes within the definition just quoted. Inasmuch as subsection (1) of Article 6.01 levies a tax upon every retail sale of every motor vehicle sold in Texas, the use taxes levied by the next two subsections are complementary to a sales tax.

Paragraph (b) of Article XI of the Compact provides:

"Nothing in this compact shall be construed to:

". . .

"(b) Apply to any tax or fixed fee imposed for the registration of a motor vehicle or any tax on motor fuel, other than a sales tax. . ."

While Article 6.04 directs Texas county tax collectors to refuse to accept for registration or transfer any motor vehicle until the tax imposed by Article 6.01 is paid, we are of the opinion that this does not have the effect of converting the use tax imposed by Article 6.01 into a "tax or fixed fee imposed for the registration of a motor vehicle" within the meaning of that term as used in the Compact. The statutory construction applicable in such a case requires a strict construction against the taxing authority and a liberal construction in favor of the taxpayer. Texas Unemployment Compensation Comm. vs. Bass, 137 Tex. 1, 151 S.W.2d 567 (1941). This conclusion is prompted first by the fact that Texas law imposes other and separate fees for certificates of title and registration. Secondly, Article XII of the Compact directs that it shall be liberally construed so as to effectuate its purposes, one of which is, as noted above, to avoid duplicative taxation. Furthermore, a construction of a statute authorizing double taxation should not be adopted unless the language used admits of no other construction. 54 Tex.Jur.2d 138, Sec. 21, Taxation, and cases cited. In the event

Hon. Robert S. Calvert, page 4 (M-241)

it be contended that Article 6.01 conflicts with the Compact Law in Article 7359a, the Compact Law will prevail to the extent of any conflict. State ex rel Dyer vs. Sims, 341 U.S. 522 (1951).

In answer to your specific questions, we are of the opinion that the credit provided for in paragraph 1 of Article V of Article 7359a should be allowed to a person who as a purchaser has paid legally imposed sales or use taxes on a motor vehicle to another state and thereafter becomes subject to the tax imposed by either subsection (2) or subsection (3) of Article 6.01.

## SUMMARY

The credit provided for in paragraph 1 of Article V of Article 7359a, Vernon's Civil Statutes, should be allowed to a person who as a purchaser has paid legally imposed sales or use taxes on a motor vehicle to another state and thereafter becomes subject to the tax imposed by either subsection (2) or subsection (3) of Article 6.01, Taxation-General.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Neil Williams
Assistant Attorney General

APPROVED:

OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
Mario G. Obledo
Ben Harrison
Robert C. Crouch
Charles Rose

A. J. CARUBBI, JR.
Executive Assistant

-1180-