**ENSERCH CORPORATION, d/b/a Lone Star Gas Company, Appellant,**

v.

**Bob BULLOCK, Comptroller of Public Accounts of the State of Texas, Appellee.**

No. 14430.

Court of Appeals of Texas, Austin.

March 19, 1986.

Rehearing Denied April 23, 1986.

L.G. Skip Smith, Clark, Thomas, Winters & Newton, Austin, for appellant.

Jim Mattox, Atty. Gen., David Mendez, Asst. Atty. Gen., Austin, for appellee.

Before SHANNON, C.J., and BRADY and GUMMAGE, JJ.

BRADY, Justice.

Appellant, Enserch Corporation, d/b/a Lone Star Gas Company, appeals from a take-nothing summary judgment rendered by the district court of Travis County in a tax refund suit. Enserch filed this suit to recover corporate franchise taxes paid during the years 1974 to 1981, claiming to be exempt from such taxes under Tex.Tax Code Ann. § 171.052 (1982).[1] Appellee, Bob Bullock, Comptroller of Public Accounts of the State of Texas, filed a motion for summary judgment contending that Enserch did not fall within the claimed exemption. The trial court concluded that Enserch was not exempt from payment of the corporate franchise tax and rendered summary judgment for the Comptroller. We will affirm the judgment.

Lone Star Gas Company, as a division of Enserch, owns and operates a gas pipeline system and is engaged in the business of gathering, transmitting, and distributing gas to both residential and commercial customers. Such businesses are generally classified as gas utility companies under Tex.Rev.Civ.Stat.Ann. art. 6050(1)(b) (1962). Under article 6050(1)(b) the term "gas utility" means and includes companies:

... owning managing, [or] operating ... within this State any ... pipelines ... for either one or more of the following kinds of business:

1. Producing or obtaining, transporting, conveying or distributing or delivering natural gas: (b) for sale to municipalities or persons or companies, in those cases referred to in paragraph 3 hereof, engaged in distributing or selling natural gas to the public;

Article 6050(3), referred to in subsec. (1)(b) above, reads as follows:

3. Producing or purchasing natural gas and transporting or causing the same to be transported by pipe lines to or near the limits of any municipality in which said gas is received and distributed or sold to the public by another public utility or by said municipality, in all cases where such business is in fact the only or practically exclusive agency of supply of natural gas to such utility or municipality, is hereby declared to be virtual monopoly and a business and calling affected with a public interest, and the said business and property employed therein within this State shall be subject to the provisions of this law and to the jurisdiction and regulation of the Commission as a gas utility.

Every such gas utility is hereby declared to be affected with a public interest and subject to the jurisdiction, control and regulation of the Commission as provided herein.

Because it has been categorized as a gas utility for art. 6050 purposes, Lone Star is required to pay a tax on its gross receipts. Tex.Rev.Civ.Stat.Ann. art. 6060 (1962). Article 6060 provides:

---

1. Section 171.052 was amended in 1985 by the 69th Legislature, 1985 Tex.Sess.Law Serv., ch. 30, § 1, at 95. However, because of the nature of this suit and the time it was filed we are limited to that version of the statute as it read in 1982. The current rendition of this section can be found at Tex.Tax Code Ann. § 171.052 (Supp. 1986).

Every gas utility subject to the provisions of this subdivision on or before the first day of January and quarterly thereafter, shall file with the Commission a statement, duly verified as true and correct by the president, treasurer or general manager if a company or corporation, or by the owner or one of them if an individual or copartnership, showing the gross receipts of such utility for the quarter next preceding or for such portion of said quarterly period as such utility may have been conducting any business, and at such time shall pay into the State Treasury at Austin a sum equal to one-fourth of one per cent of the gross income received from all business done by it within this State during said quarter.

The art. 6060 gross receipts tax is administered by the Railroad Commission and for purposes of calculating this tax the Commission has treated Lone Star's transmission division as a separate taxpaying entity.[2] The Commission has also apparently held that businesses, engaged solely in the transportation of natural gas, such as Lone Star's transmission division, are to be regarded as transportation companies.

Section 171.052 exempts those transportation companies which pay an annual tax based upon their gross receipts from paying as well the corporate franchise tax imposed by Tex.Tax Code Ann. § 171.001 (1982). Enserch alleges that the greatest percentage of its gross receipts are derived from Lone Star's transmission division, and that this division qualifies as a transportation company paying an annual gross receipts tax. Therefore, Enserch contends, it is exempt from paying the franchise tax and should be given a refund of the franchise taxes paid in previous years.

The Comptroller maintains, however, that the exemption set forth in § 171.052 covers only those transportation companies

paying an *annual* gross receipts tax. Section 171.052 provided:

A corporation that is an insurance company; surety guaranty, or fidelity company, transportation company; or sleeping, palace car, and dining company now required to pay an *annual* tax measured by their gross receipts is exempted from the franchise tax.

By contrast, the method of payment chosen by art. 6060 requires that Lone Star remit its gross receipts tax on a *quarterly* basis. For this reason the Comptroller argues that the Legislature could not possibly have intended to exempt Enserch from paying the franchise tax. The sole issue on appeal then, is what meaning shall be attributed to the word "annual" as utilized in § 171.052.

The Comptroller contends that the word "annual" means an event which occurs but once a year. Enserch, on the other hand, argues that the word "annual" not only means an event which occurs once a year but describes, as well, an event which occurs every year, or year after year. Although the gross receipts tax imposed by art. 6060 occurs more than once a year, under the broad definition submitted by Enserch, it would still be exempt because it is required to pay this tax every year.

When a question concerning exemption from taxation arises, the statute is to be liberally construed in favor of the taxing authority and strictly construed against the person claiming the exemption. *Texas Unemployment Compensation Commission v. Bass*, 137 Tex. 1, 151 S.W.2d 567 (1941). The claimant must prove that he clearly falls within the claimed exemption. *Bullock v. National Bancshares Corporation*, 584 S.W.2d 268 (Tex.1979). Any doubts regarding the applicability of the exemption to the claimant must be resolved against him and in favor of the taxing authority. *Bullock v. National Bancshares Corporation, supra.*

---

**2.** From the record it would appear that Lone Star is divided into two divisions. Apparently Lone Star's transmission division transports the gas to the distribution division which then distributes the gas to its various customers. Ac-

cording to the petition filed by Enserch only the transmission division is required to pay the gross receipts tax imposed by art. 6060. The distribution division pays a different tax which we need not discuss.

Enserch has advanced credible arguments in support of its position and, in fact, raises a doubt as to whether the narrow meaning proferred by the Comptroller is the correct meaning to be assessed. The rule of strict construction, however, requires that all doubts concerning the meaning of the word "annual" be resolved against Enserch. *Bullock v. National Bancshares Corporation, supra.*

Resolving such doubts against Enserch we affirm the trial court's judgment that Enserch take nothing.

GAMMAGE, Justice, concurring.

At all times relevant to this appeal, Tex.Tax Code § 171.052 exempted from the corporate franchise tax those transportation companies that paid an annual tax based on their gross receipts. The apparent purpose of this exemption was to avoid "double taxation" of certain types of corporations, by relieving from the franchise tax those paying their gross receipts tax annually. There is little in the way of logic to support the argument that the burden of the gross receipts tax is any more onerous with regard to those who pay a dollar once a year than it is on those who pay a quarter four times a year. The quarterly basis of payment does not make the burden any less "annual" during the course of an entire year.

The granting of the privilege to transact business in this state confers economic benefit, including the opportunity to realize gross income and the right to invoke the protection of local law. The Texas franchise tax is a tax on the value of this privilege. *Bullock v. National Bancshares Corp.,* 584 S.W.2d 268 (Tex.1979), *cert. denied,* 444 U.S. 1016, 100 S.Ct. 667, 62 L.Ed.2d 645 (1980); *General Dynamics Corp. v. Bullock,* 547 S.W.2d 255 (Tex. 1976), *cert. denied,* 434 U.S. 1009, 98 S.Ct. 717, 54 L.Ed.2d 751 (1978). The tax on the value of the privilege of transacting business is distinct from the tax imposed on the amount of gross receipts generated in a given period of time.

To deny the availability of an exemption from one tax (franchise) because another, effectively annual, tax (gross receipts) is paid in quarterly increments during the course of the year rather than in a single lump sum at the end of the year defies both equity and logic. A plausible argument even exists for the opposite course, *i.e.,* that an entity permitted the added benefit of using throughout the year the funds attributable to the year-end tax liability should carry the greater burden.

In 1985, the Legislature removed *all* transportation companies from the list of entities exempt from the franchise tax under § 171.052, without regard to whether their respective gross receipts taxes were paid on an "annual" or "quarterly" basis. 1985 Tex.Sess.Law Serv., ch 30, § 1, at 95. The Legislature, apparently recognizing the inequity and illogic of the law as it existed at that time, has now made both "quarterly" and "annual" taxpayers subject to both forms of taxation.

Unfortunately, well-established rules of statutory construction prohibit us from reaching the equitable and logical result in this case.