**ARMCO STEEL CORPORATION,**
Appellant,

v.

**TEXAS EMPLOYMENT COMMISSION**
et al., Appellee.

No. 11266.

Court of Civil Appeals of Texas.

Austin.

Jan. 27, 1965.

Rehearing Denied Feb. 17, 1965.

Butler, Binion, Rice & Cook, Wm. Brantly Harris, Houston, for appellant.

Waggoner Carr, Atty. Gen., J. H. Broadhurst, Asst. Atty. Gen., Ernest Fortenberry, Austin, for appellee.

ARCHER, Chief Justice.

This suit is by Armco Steel Corporation, an Ohio corporation having a permit to do business in Texas, against the State Treasurer, the Attorney General, the Texas Employment Commission and the individual members thereof, to recover an alleged overpayment of contributions made pursuant to the Texas Unemployment Compensation Act for the year 1961. At the conclusion of a nonjury trial the District Court entered judgment that the plaintiff take nothing.

The facts are largely stipulated. Appellant, Armco Steel Corporation (Armco) and two other Ohio corporations, The National Supply Company (National) and Union Wire Rope Corporation (Union), which were its wholly owned subsidiaries, merged effective at the close of business on December 31, 1960 and prior to the end of the calendar year. Appellant is the surviving corporation. Appellant by such merger acquired all of the organization, trade or business and all of the assets of each of National and Union. All three companies were employing units and employers having compensation experience within Section 7(c) of the Texas Unemployment Compensation Act, as amended, Tex.Rev.Civ.Stat. Ann. (Vernon 1962) Article 5221b–5(c). The required written applications were made for the transfer of the compensation experience of the predecessors, National and Union, to Post-Merger Armco, which applications were duly approved by The Texas Employment Commission.

█ Appellant paid contributions for the year 1961 in the sum of $239,123.72, based upon a contribution rate which was determined from compensation experience of Pre-Merger Armco ending September 30, 1960. If appellant had been allowed to have its rate determined on the basis of the combined compensation experience of Pre-Merger Armco, National and Union, determined for the period ending September 30, 1960, such experience would have resulted in a lower contribution rate, an aggregate contribution of $209,233.26 and a saving to appellant of the amount in controversy herein, $29,890.46. Appellant duly made application for a refund of such amount, which was denied. Hence this suit for a refund, pursuant to Article 5221b–12(j) (2). At the outset it should be noted that the substantial evidence rule is not applicable, Rowan Oil Co. v. Texas Employment Commission, 152 Tex. 607, 263 S.W.2d 140 (1953).

Article 5221b–5(c) (7) provides in part:

"If an employing unit acquires all or a part of the organization, trade or business of an employer, such acquiring successor employing unit and such predecessor employer may jointly make written application to the Commission for that compensation experience of such predecessor employer which is attributable to the organization, trade or business or the part thereof acquired to be treated as compensation experience of such successor employing unit. * * *"

Article 5221b–5(d) provides in part:

"The computation date for all experience tax rates shall be as of October 1 of the year preceding the calendar year for which such rates are to be effective, and such rates shall be effective on January 1 of the calendar year immediately following such computation date for the entire year; * * *."

The question is whether the Commission is required to ignore any succession which occurs after the "as of October 1" computation date.

■ We believe the court was justified in holding that appellant was not entitled to have its unemployment tax rate for 1961 determined on the basis of the combined compensation experience of National Union and Pre-Merger Armco, and is not entitled to an exception to the October 1 computation date. United States v. Munro-Van Helms Company, 243 F.2d 10, 13 (United States Court of Appeals, Fifth Circuit).

When Armco acquired the other two companies it was required to continue paying taxes at the rate then in effect for Armco only until the end of the year. A new rate was computed as of October 1, 1960.

■ The State agency has construed the statutes to make the appellant liable and such construction is entitled to great weight. 53 Tex.Jur.2d, Statutes, Sec. 177, p. 259; Flowers v. Texas Mexican Ry. Co., Tex. Civ.App., 174 S.W.2d 70; Clark v. Atlantic Pipe Line Co., Tex.Civ.App., 134 S.W.2d 322, er. ref.; Opinion Attorney General No. WW–1301.

The computation date for experience tax rates was changed to October 1, 1957 and since that time many rates have been computed and taxes collected in cases involving business acquisitions occurring during the last calendar quarter of the year. If the Commission's interpretations of the statute is found to be erroneous, all such rates would have to be changed, and in some instances additional taxes would become payable and in other instances taxes would have to be refunded.

The Legislature has met in regular sessions and in called sessions since the tax computation date, and no changes were made.

The judgment of the trial court is affirmed.

Affirmed.