

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 2, 1972

Hon. George W. McNiel
State Auditor
Sam Houston Building
Austin, Texas   78711

Dear Mr. McNiel:

Opinion No. M-1134

Re:   Computation of semester credit
hours at public junior col-
leges for state aid purposes
and related questions.

Your request for an opinion from this office regarding
the captioned matter asks the following:

"1.   Do the provisions of Paragraph 3(c),
Section 16, Article IV of Senate Bill No. 11,
Acts 62nd Legislature, R.S., 1971 (as amended
by Senate Bill No. 7, 1st C.S., 62nd Legisla-
ture, 1971)[1] requiring collection of tuition
in full on or before the twelfth class day as
specified mean that all semester credit hours
for which the student is enrolled should be
deducted from the number of semester credit
hours reported for State aid purposes if
tuition is not collected in full, or should
only the number of semester credit hours for
which tuition has not been collected be
deducted in instances where there is a
partial collection of tuition?

"2.   Are we correct in assuming that the
provisions of Paragraph 3(c), Section 16,
Article IV of Senate Bill No. 11, Acts 62nd
Legislature, R.S., 1971 (as amended by Senate
Bill No. 7, 1st C.S. 62nd Legislature, 1971)[2]
do not apply to vocational-technical contact
hours reported for funding through the Texas
Central Education Agency under provisions

---

[1] This is the current General Appropriation Act.   Para. 3(c) is
at p. 3692, IV-20, of the official bound vol. of the Session Laws.

[2] See footnote 1

of Section 1, Article IV, Senate Bill No. 11,
Acts 62nd Legislature, R.S., 1971 (as amended
by Senate Bill No. 7, 1st C.S., 62nd Legisla-
ture, 1971)?[3]

"3.    In instances where a governing board
establishes tuition in amounts which are greater
than the rates specified in Section 54.051,
Texas Education Code, but the institution fails
to collect such amount in full as set by the
governing board but does collect at least as
much as the amount required under Section 54.051,
Texas Education Code, should any portion of
such semester credit hours be disallowed for
State aid purposes?"

As a final inquiry you have stated that in relation to the
above, you "have observed a number of clerical errors in computing
the amount of tuition due" and inquire whether the college forfeits
that which it has not collected in full, as required, on or before
the twelfth class day of the fall semester of each fiscal year.

In connection with your audit responsibilities, we answer
your questions as follows:

For purposes of state-aid appropriations,
all semester credit hours in academic courses
for which a student is enrolled shall be de-
ducted from the number of semester credit hours
so reported by a public junior college unless
the entire tuition (as set by the governing
board of the institution) is collected in full
by the institution on or before the twelfth
class day of the fall semester of the fiscal
year, tuition fees received for vocational-
technical courses not to be included in the
report for such funding.

Your letter indicates that your office has interpreted
the provisions of Paragraph 3(c) to mean that if a student's tuition
wasn't paid in full by the twelfth day as specified, the entire
number of semester credit hours for which the student was enrolled
were to be deducted from the number of semester credit hours reported

---

[3] At p. 3673, IV-1, et seq., of the official Session Laws.

for state aid purposes even though some portion of the tuition had been paid. We hold this interpretation is correct.

The construction given Paragraph 3(c) by the State Auditor is entitled to great weight. This canon of construction is stated as follows:

> "The courts will ordinarily adopt and uphold a construction placed on a statute by an executive officer or department charged with its administration, if the statute is ambiguous or uncertain, and if the construction so given it is reasonable. In other words, the judiciary will adhere to the executive or departmental construction of an ambiguous statute unless it is clearly erroneous or unsound, or unless it will result in serious hardship or injustice, though the court might otherwise have been inclined to place a different construction on the act." 53 Tex.Jur.2d 259-60, Statutes, Sec. 177.

See also, Armco Steel Corp. v. Texas Employment Commission, 386 S.W.2d 894 (Tex.Civ.App.1965, error ref. n.r.e.); United States v. 525 Company, 242 F.2d 759 (5th Cir. 1965) and Attorney General's Opinions Nos. M-1029 (1971) and M-1050 (1972).

The language of Paragraph 3(c) (with certain exceptions therein specified) is quite explicit in requiring the public junior college to collect in full on or before the twelfth class day of the fall semester the amounts its governing board has set for tuition. There are no provisions giving you authority to credit the school for those hours taken by the student for which the institution has partially collected tuition, and deducting those hours for which tuition has not been collected on or before the twelfth class day of the fall semester.

Yours is a reasonable interpretation of the statute to accomplish the purposes for which it is intended; and, in view of its plain language, as heretofore mentioned, your construction and interpretation is sound and should be followed.

Accordingly, if the institution has not collected that tuition (as set by its governing board) in full on or before the twelfth calss day of the fall semester for which a student is enrolled, then all semester credit hours for which that student is enrolled shall be deducted from the report for state aid purposes. This answers both your first and third questions.

Your second question asks whether the provisions of Paragraph 3(c), Section 1, Article IV of Senate Bill No. 11, Acts 62nd Leg., R.S. 1971, apply to vocational-technical contact hours reported for funding through the Texas Central Education Agency. Your letter states that your interpretation has been that it does not. We concur for the same reasons based on the authorities we have cited.

Article IV, Section 1, Item 21 of the General Appropriation Act of 1971[4] provides that those approved vocational-technical courses must be financed by funds appropriated therefor and administered by the Central Education Agency. The provisions of Paragraph 3(c) are intended to give the Legislature a method by which it can inform itself of certain matters with reference to appropriations for the needs of the public junior colleges as to its financial burdens based upon student enrollment for academic semester credit hours. The vocational-technical courses offered in terms of contact hours generated are funded elsewhere in the General Appropriations Act and are based upon an entirely different method of reporting.

Therefore, the provisions of Paragraph 3(c) do not apply to vocational-technical courses that are funded through the Texas Central Education Agency.

Your final inquiry concerns failure to comply with the statute by reason of "clerical errors." This directory statute does not declare an automatic forfeiture or loss of sums by the college where its failure to collect in full is due to mere unintentional clerical errors. Forfeitures and penalties are favored neither in law nor in equity and are to be strictly construed, and a "construction of statutes so as to impose forfeitures for violation of civic and public obligations is not favored" and "statutes will be interpreted so as to prevent, rather than to cause, a forfeiture." 25 Tex.Jur.2d 511, Forfeitures, Sec. 11, p. 502, Sec. 3. We note that the general rule is ". . . that administrative authorities have power to correct clerical errors in their determinations, and to . . . modify them on the grounds of fraud or imposition, mistake, . . . inadvertence. . ." 42 Am.Jur. 537, Public Administrative Law, Sec. 174. The legislative intent concerning clerical errc

---

[4] At p. 3676, IV-4.

in the handling of public funds is made clear in Article V, Section 55 of the current General Appropriations Act. (Chap. 1047, General and Special Laws, 62nd Leg., R.S. 1971, at page 3815, V-54). It is there provided for correction by transfer to the correct fund when clerical errors result in any moneys being deposited into incorrect funds in or with the State Treasury or in a trust or suspense fund. In view of all of the foregoing considerations, it is our opinion that the State Auditor may, in the case of such clerical errors, allow the colleges to correct such errors and permit the proper amount to be collected, and a transfer of funds to the proper fund to be effected.

### S U M M A R Y

1. Where there has been only a partial collection of tuition by a public junior college on or before the twelfth class day of the fall semester, all semester credit hours for which the student is enrolled shall be deducted from the State Auditor's report for state aid purposes.

2. The provisions of Article IV, Section 16, Paragraph 3(c) of the current General Appropriations Act (Acts 1971, 62nd Leg.) do not apply to vocational-technical courses reported for funding through the Texas Central Education Agency.

3. In instances where a public junior college collects as tuition an amount at least as much as required by Sec. 54.051, Texas Education Code, but fails to collect in full on or before the twelfth class day of the fall semester the amount of tuition as set by its governing board, all semester credit hours for which the student enrolled shall be deducted from the State Auditor's report for state aid purposes; unless such failure was caused by clerical error, mistake or inadvertence.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Bill Campbell
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
James McCoy
Scott Garrison
Sig Aronson
James Quick

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant