

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

April 4, 1972

Hon. Vernon Walter, Chairman
Texas Structural Pest Control Board
Box 13026, Capitol Station
Austin, Texas 78711

Dear Mr. Walter:

Opinion No. M- 1115

Re: Whether persons treating
lawns or trees around
homes with pesticides
are subject to the li-
censing and other re-
quirements of the Texas
Structural Pest Control
Act (S.B. 910, 62nd Leg.,
R.S., 1971, Ch. 726, p.
2363, Art. 135b-6, V.C.S.)

You have requested our answer to the question which we
rephrase as follows:

Whether persons treating lawns or trees
around homes with pesticides are subject to
the licensing and other requirements of the
Texas Structural Pest Control Act (S.B. 910,
62nd Leg., R.S., 1971, ch. 726, p. 2363,
codified by Vernon as Art. 135b-6, V.C.S.)

The answer to your question is "yes", except for certain
persons whom the Act expressly exempts as hereinafter discussed.

Sec. 2(a) of Article 135b-6, reads as follows:

"Sec. 2(a) For purposes of this Act a
person shall be deemed to be engaged in the
business of structural pest control if he
engages in, offers to engage in, advertises
for, solicits, or performs any of the follow-
ing services for compensation:

"(1) identifying infestations or making
inspections for the purpose of identifying or
attempting to identify infestations of arthropods
(insects, spiders, mites, ticks, and related
pests), wood-infesting organisms, rodents,

-5436-

weeds, nuisance birds, and any other obnoxious
or undesirable animals which may infest house-
holds, railroad cars, ships, docks, trucks, air-
planes, or other structures, or the contents
thereof, <u>or the immediate adjacent outside areas;</u>

"(2)   making inspection reports, recommenda-
tions, estimates, or bids, whether oral or written,
with respect to such infestations;

"(3)   making contracts, or submitting bids
for, or performing services designed to prevent,
control, or eliminate such infestations by the
use of insecticides, pesticides, rodenticides,
fumigants, or allied chemicals or substances
or mechanical devices."   (Emphasis added).

Your question resolves itself into a determination of what
the Legislature intended to encompass by including "immediately ad-
jacent outside areas" to the enumerated structures.

In ruling on a question of the authority of a city to annex
additional territory lying adjacent to said city under the provisions
of Article 1175, Subdivision 2, Vernon's Civil Statutes, the Texas
Supreme Court in <u>State v. Texas City</u>, 157 Tex. 450, 303 S.W.2d 780
(1957) said:

"The term 'adjacent' is not a word of
fixed or definite meaning.  The authorities
are almost unanimous in according to that
term the meaning of 'neighboring or close by'
or 'in the vicinity of and not necessarily
contiguous or touching upon.'  The meaning is
determined to some extent by the context or
by the subject matter.  . . ."   (at p. 784).

See also <u>State v. Camper</u>, 261 S.W.2d 465 (Tex.Civ.App. 1953, error
ref.); <u>City of Irving v. Dallas County Flood Control District</u>, 383
S.W.2d 571 (Tex.Sup. 1964), for similar construction.

Therefore, the Texas Structural Pest Control Act (herein-
after referred to as the Act) would seem to include those areas
neighboring or close by or in the vicinity of (but not necessarily
contiguous to) those structures set out in Sec. 2(a).

The use of pesticides in the State is said to be excessive and the need for effective regulation clear. Walls, Pesticide Pollution, 48 Texas L. Rev. 1130 (1970). The regulatory purposes of the Act are stated in Section 4(b):

"The board shall promulgate rules and regulations governing the methods and practices of structural pest control when it determines that the public's health and welfare necessitates such regulations in order to prevent adverse effects on human life and the environment . . . . ." (Emphasis added).

It would certainly seem a senseless distortion of the intent and meaning of the Act as a whole to assume the Legislature recognized the dangers of the uses of pesticides on houses and other structures but failed to recognize that these same dangers exist when such pesticides are applied to lawns and trees nearby.

The Act lists those persons to whom it does not apply; Section 11 reads:

"Sec. 11. The provisions of this Act shall not apply to nor shall the following persons be deemed to be engaging in the business of structural pest control:

"(1) an officer or employee of a governmental or educational agency who performs pest control services as part of his duties or employment;

"(2) a person or his regular employee who performs pest control work upon property which he owns, leases, or rents;

"(3) an employee of a person licensed to engage in the business of structural pest control; and

"(4) a person or his employee who is engaged in the business of agricultural or aerial application or custom application of pesticides to agricultural lands." (Emphasis added).

The Act obviously does not apply to a homeowner or tenant using pesticides upon the property he owns or is occupying. However,

it does not specifically exclude persons applying pesticides only on lawns and trees around homes. The applicable rule of statutory construction is stated in State v. Richards, 301 S.W.2d 597, 600 (Tex.Sup. 1957):

"It is a familiar rule of statutory construction that an exception makes plain the intent that the statute should apply in all cases not excepted."

In 53 Texas Jurisprudence 2d 205, 207, Statutes, Sec. 142 another rule is stated:

"The maxim expressio unius est exclusio alterius is a logical, sensible, and sound rule of construction; and it has been frequently applied in the construction of the statutes. . . . The maxim signifies that the express mention or enumeration of one person, thing, consequence or class is tantamount to an express exclusion of all others. . . .

"The principle expressed by the maxim is properly applied, under certain conditions, to enable a court to determine the intention of the legislature, not otherwise manifest. . . ."

Accordingly, by excluding from the provisions of the Act those persons set forth in Sec. 11, the Legislature inferentially included all others.

We note from your letter that all the members of the Structural Pest Control Board have considered that the Act clearly covered everyone who applied pesticides in and around a home unless they were exempted by specific mention therein.

The construction of Section 11 by your Board is entitled to great weight, as:

"The courts will ordinarily adopt and uphold a construction placed on a statute by an executive officer or department charged with its administration, if the statute is ambiguous or uncertain, and if the construction so given it is reasonable. In other words, the judiciary

will adhere to the executive or departmental construction of an ambiguous statute unless it is clearly erroneous or unsound, or unless it will result in serious hardship or injustice, though the court might otherwise have been inclined to place a different construction on the act.  53 Tex.Jur.2d, 259-60, Statutes, Sec. 177."

See also, Armco Steel Corp. v. Texas Employment Commission, 386 S.W.2d 894 (Tex.Civ.App. 1965, error ref. n.r.e.); United States v. 525 Company, 242 F.2d 759 (5th Cir. 1965) and Attorney General's Opinions Nos. M-1029 (1971) and M-1050 (1972).

In view of the foregoing, you are advised that persons treating lawns or trees around homes with pesticides, and who are not regular employees of the owner or tenant thereof, or are not otherwise specifically exempted, are subject to the licensing and other requirements of the Texas Structural Pest Control Act (S.B. 910, 62nd Leg., R.S., 1971, Ch. 726, p. 2363) codified as Article 135b-6, Vernon's Civil Statutes.

### S U M M A R Y

Persons treating lawns or trees around homes with pesticides, and who are not regular employees of the owner or tenant thereof, or are not otherwise specifically exempted, are subject to the licensing and other requirements of the Texas Structural Pest Control Act (S.B. 910, 62nd Leg., R.S. 1971, Ch. 726, p. 2363, codified by Vernon as Art. 135b-6, V.C.S.).

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Bill Campbell
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
James A. Maxwell
Jim Hackney
Charles Lind
Fisher Tyler

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant