

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 28, 1972

Hon. Sam Kelley, Commissioner
Office of Consumer Credit
1011 San Jacinto
Austin, Texas

Opinion No. M-1082

Re: Are the charges specified
in Art. 5069-3.15(8), V.C.S.
authorized by Art. 5069-3.16
V..C.S., both statutes per-
taining to consumer credit
loans?

Dear Mr. Kelley:

You have requested an opinion from this office as to whether the charges authorized in Article 5069-3.15(8), Vernon's Civil Statutes, are authorized charges under Article 5069-3.16.

The statutory provisions, relevant to your request, state in part the following:

Article 5069-3.15(1)

"Every licensee may contract for and receive on any loan made under this chapter. . .an add-on interest charge computed on the cash advance for the full term of the loan contract in accordance with the following schedule:

"Eighteen Dollars per One Hundred Dollars per annum on that part of the cash advance not in excess of Three Hundred Dollars, and Eight Dollars per One Hundred Dollars per annum on that part of the cash advance in excess of Three Hundred Dollars but not in excess of Twenty-Five Hundred Dollars."

Article 5069-3.15(8)

"In addition to the authorized charges provided in this chapter no further or other charge or amount whatsoever shall be directly or indirectly, charged, contracted for, or received. This includes (but is not limited by) all charges such as fees, compensation, bonuses, commissions, brokerage, discounts, expenses, and every other charge of any nature whatsoever, whether of the types listed herein or not. Without limitation of the foregoing, such charges may be any form of costs or compensation whether contracted for or not, received by the licensee, or any other person, in connection with (a) the investigation, arranging, negotiation, procuring, guaranteeing,

-5293-

making, servicing, collecting, or enforcing of a loan; or (b)
for the forbearance of money, credit, goods or things in action;
or (c) for any other service or services performed or offered.
However, the prohibitions set out herein shall not apply to
amounts actually incurred by a licensee as court costs; attorney
fees assessed by a court; lawful fees for filing, recording, or
releasing in any public office any security for a loan; the reason-
able cost actually expended for repossessing, storing, preparing
for sale, or selling any security; or fees for noting a lien on or
transferring a certificate of title to any motor vehicle offered
as security for a loan made under this Chapter, or premiums or
identifiable charge received in connection with the sale of insurance
authorized under this Chapter."

Article 5069-3.16(1)

"On loans having a cash advance of One Hundred Dollars
or less, a licensee may charge, in lieu of charges specified
in Article 3.15, the following amounts:  (Emphasis added)

".  .  .

"On any cash advance of an amount in excess of Seventy
Dollars but not in excess of One Hundred Dollars, there shall
be allowed an acquisition charge for making the advance not
in excess of one-tenth of the amount of the cash advance.   In
addition thereto, an installment account handling charge shall
be allowed not to exceed Four Dollars per  month."

Article 5069-3.16(3)

"On such loans under this Article, no insurance charges or
any other charges of any nature whatsoever shall be permitted."
(Emphasis added)

Article 5069-3.16(4)

"The acquisition charge.  .  .shall not be subject to refund
on the prepayment of any loan under this Article; the installment

account handling charge shall be subject to the provisions of Article 3.15 as it relates to refunds. Provisions of Article 3.15 relating to default charges on loans and the deferment of loans shall apply to loans made under this Article."

It is the opinion of this office that the charges authorized by Article 5069-3.15(8) do not apply to those loans made pursuant to Article 5069-3.16.

Article 5069-3.16 ($100 or less) differs from Article 5069-3.15 ($2,500 or less) in several respects: Loans made pursuant to the former produce a considerably higher interest yield to the licensee; the maximum term of the loan is less; and the acquisition charge is not subject to refund. Article 5069-3.16(4) makes reference to Article 5069-3.15 and the applicability thereof regarding refunds of the account handling charge [Article 5069-3.15(6)] and default charges and the deferment of loans [Article 5069-3.15(5)]. Article 5069-3.16(3) makes no reference whatsoever to Article 5069-3.15(8), and likewise, Article 3.15(8) contains no language indicating that its provisions are applicable to Article 3.16.

Article 5069-3.16 has no language which would authorize a licensee to charge a borrower those actually incurred expenses of Article 5069-3.15(8) in the making or collecting of a loan made pursuant to its high rate provisions.

Subsection (3) of Article 5069-3.16 is unambiguous in its language that loans made pursuant to its provisions shall not include insurance charges or any other charges of any nature whatsoever.

You have advised that, "It has long been the policy of this office that Article 3.15 and 3.16 are mutually exclusive and that the Article 3.16 prohibition against 'any other charges of any nature whatsoever' applies to

---

[1] These Articles 3.15 and 3.16 as enacted by the Leg. (Acts 60th. Leg., R.S., 1967, ch. 274, p. 608) are codified by Vernon as Articles 5069-3.15 and 5069-3.16, V.C.S., respectively.

Hon. Sam Kelley, page 4          (M-1082)

and prohibits the imposition on Article 3.16 loans of those charges enumerated in Article 3.15(8)". We are in agreement with your construction, which is entitled to great weight before the courts if there be any doubt or ambiguity and should be followed unless clearly erroneous. <u>Armco Steel Corp. v. Texas Employment Commission</u>, 386 S.W.2d 894 ( Tex. Civ. App. 1965, error ref., n.r.e.)

<u>S U M M A R Y</u>

The charges authorized in Article 5069-3.15(8), V.C.S., are not authorized charges under Article 5069-3.16, V.C.S.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Ray McGregor
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Wayne Rodgers
Scott Garrison
Jack Sparks
Harriet Burke

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant