THE ATTORNEY GENERAL
OF TEXAS
ATTORNEY GENERAL



January 25, 1972

Hon. Carl F. Hereford, Chairman
Texas State Board of Examiners
  of Psychologists
P. O. Box 5429
Austin, Texas   78763

Opinion No. M- 1050

Re:  Construction of Section
     11(a) of Article 4512(c),
     Vernon's Civil Statutes
     (the Psychologists'
     Certification and Licens-
     ing Act), as to when a
     person "receives" a degree.

Dear Dr. Hereford:

Your recent letter requesting the opinion of this
office concerning the referenced matter states, in part, as
follows:

> "I would like an interpretation of Section
> 11(a) of the Psychologists' Certification and
> Licensing Act.  The Board's problem concerns the
> word  'received' in determining when an applicant
> is eligible for examination.  It has been the
> Board's practice to use the date the degree was
> actually conferred as indicated on the University
> transcript. . ."

Section 11(a) of Article 4512c, Vernon's Civil Statutes,
(the Psychologists' Certification and Licensing Act) provides as
follows:

> "An applicant is qualified to take the
> examination for certification as a psychologist:
>
> "(a)  if he has <u>received</u> the doctoral degree
> based upon a program of studies whose content
> was primarily psychological from an accredited
> educational institution or its substantial equiv-
> alent in both subject matter and extent of train-
> ing, and if he has had no less than two years of
> satisfactory supervised experience in rendering
> psychological services, one of which is subsequent
> to the <u>granting</u> of the doctoral degree.  . . ."
> (Emphasis added.)

-5131-

Attached to your letter is an individual's transcript which indicates that he has completed all requirements for a Ph.D. degree from the University of Texas Southwestern Medical School, but that the degree will not be conferred until June, 1972.

In essence, your question is whether such individual is qualified to take the examination for certification as a psychologist upon completing all the requirements for his degree or whether he must wait until such degree has actually been conferred before being eligible to take the examination.

We note that your letter states that it has been your Board's practice, in giving examinations pursuant to Section 11(a), not to allow a person to take the examination for certification as psychologist until the requisite degree has actually been conferred on the applicant.

Such construction of Section 11(a) by your Board is entitled to great weight, as

"The courts will ordinarily adopt and uphold a construction placed on a statute by an executive officer or department charged with its administration, if the statute is ambiguous or uncertain, and if the construction so given it is reasonable. In other words, the judiciary will adhere to an executive or departmental construction of an ambiguous statute unless it is clearly erroneous or unsound, or unless it will result in serious hardship or injustice, though the court might otherwise have been inclined to place a different construction on the act.  53 Tex.Jur.2d 259-60, Statutes, Sec. 177."

See also, Armco Steel Corp. v. Texas Employment Com'n., 386 S.W.2d 894 (Tex.Civ.App. 1965, error ref. n.r.e.); United States v. 525 Company, 342 F.2d 759 (5th Cir. 1965); Attorney General's Opinion No. M-1029 (1971).

We are of the opinion that the word "received", as used in Section 11(a) must be construed and defined as that word is commonly understood, that is, "to take possession or delivery of." See Webster's Third New International Dictionary (Rev.Ed. 1966) 1894.

It is also apposite to note that the latter portion of Section 11(a), quoted supra, also refers to the "granting" of the doctoral degree. Construing this portion of Section 11(a) with that portion of the Section using the word "received", we believe the Legislature clearly manifested its intent that an applicant for the examination for certification as a psychologist must have actually received his doctoral degree before being legally allowed to take said examination, notwithstanding the fact that he has completed all the academic requirements for such degree but has not actually received same.

In coming to the foregoing conclusion, we are also mindful of the fact that such conclusion is in consonance with the practice heretofore followed by your Board.

In view of the foregoing, you are advised that an applicant for the examination set forth in Section 11(a) must have actually received, and had conferred upon him, the doctoral degree adverted to in that Section before being eligible to take such examination.

### S U M M A R Y

Pursuant to Section 11(a) of Article 4512c, Vernon's Civil Statutes (the Psychologists' Certification and Licensing Act), an applicant for the examination for certification as a psychologist must have actually received, and had conferred upon him, the doctoral degree required by that Section, notwithstanding the fact that he has completed all the academic requirements for such degree but has not, at the time of his application, officially had same conferred upon him.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Dan Green
Scott Garrison
Jim Swearingen
Sig Aronson

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant