**ABLE IRRIGATION COMPANY,**
**Appellant,**

**v.**

**Robert S. CALVERT, Comptroller of**
**Public Accounts, Appellee.**

**No. 12016.**

Court of Civil Appeals of Texas,
Austin.

May 2, 1973.

Robert Brown, Ware & Brown, Uvalde, for appellant.

John L. Hill, Atty. Gen. of Texas, Harriet D. Burke, Asst. Atty. Gen., Austin, for appellee.

PHILLIPS, Chief Justice.

Appellant, Able Irrigation Company filed suit against appellee, the Comptroller of

Public Accounts, to recover limited sales tax, excise and use taxes, penalties and interest under the provisions of Article 20.-10(H) Title 122A, Taxation-General, Vernon's Civil Statutes.

The trial court ordered that appellant take nothing by its suit. We affirm.

There are two questions before us on this appeal: (1) whether appellant, an irrigation contractor, is a lump sum contractor and a consumer of tangible personal property under the provisions of Article 20.-01(T) Taxation-General, Title 122A, V.C.S.; (2) whether appellant is in the business of selling a product that is exclusively used or employed on farms or ranches, and is, therefore, exempt under the Act as provided by Article 20.04(N)(6), Title 122A, Taxation-General, V.C.S. We answer question number one in the affirmative and question number two in the negative.

Appellant builds and sells irrigation systems used on farms and ranches. It digs the irrigation ditches for its customers and lines the ditches with concrete. It contracts with its customers to construct irrigation ditches for a price per linear foot which represents its charge for both labor and materials. The tax was imposed on purchases used in the performance of its contracts by appellant. As it had purchased these items without paying tax, appellant contends it is exempt under Article 20.04(N)(6), V.C.S.

Article 20.04 Animal Life etc. is as follows:

"(N)(6) Machinery or equipment exclusively used or employed on farms or ranches in the production of food for human consumption, production of grass, the building or maintaining of roads and water facilities, feed for any form of animal life, or other agricultural products to be sold in the regular course of business."

Appellee contends that since the appellant is a contractor, it cannot claim the above stated exemption because of Article 20.01(T), V.C.S., which is as follows:

"Contractor or Repairman. 'Contractor' or 'Repairman' shall mean any person who performs any repair services upon tangible personal property or who performs any improvement upon real estate, and who, as a necessary and incidental part of performing such services, incorporates tangible personal property belonging to him into the property being so repaired or improved. Contractor or repairman shall be considered to be the consumer of such tangible personal property furnished by him and incorporated into the property of his customer, for all of the purposes of this Chapter."

"(1) The above provision shall apply only if the contract between the person performing the services and the person receiving them contains a lump sum price covering both the performance of the services and the furnishing of the necessary incidental material."

The record reflects that most of the items in question were used in construction of ditches under "lump sum" contracts. The State contends that the tax is due on the purchase price paid by appellant to its suppliers. This would be, for the most part, for ready mix concrete, sand and gravel. There were other items such as tools, concrete mixer, chain, hooks, brushes, steel signs, concrete forms, cots and camp stools.

The State further contends that the tax is not only due on the sand, gravel and ready mix which were used in the construction of the ditches but also on those items which were not physically incorporated into the ditch, such as stadium seats, gloves, garden hoses and brooms. We hold that the State is correct in both of these contentions.

■ The trial court correctly held that the appellant, an irrigation contractor, is, under the provisions of Article 20.01(T), set out above, a lump sum contractor and a

consumer of the tangible personal property, which it purchased and incorporated into the irrigation ditches. Appellant is also the consumer of the tangible personal property which it purchased and used in the construction of the irrigation ditches, but did not incorporate therein. Appellant owes sales taxes on both types of purchases under Chapter 20, Title 122A, Taxation-General, V.C.S., because it purchased the tangible personal property for its own use.

We hold thus because the contractor purchases the items in question for its own use and does not resell tangible personal property. Under Chapter 20, Article 20.-021(A) [1] the retailer is required to collect the sales tax from his purchaser; therefore, the purchaser must pay the tax due on the sale. All of the items in question were for appellant's own use. Although this is apparently a case of first impression in Texas, authorities in other jurisdictions uphold the Comptroller's position. Hayward Bldg. Mat. Co. v. State Board of Equalization, 164 Cal.App.2d 607, 330 P.2d 855 (1958); Woodrich v. St. Catherine Gravel Co., 188 Miss. 417, 195 So. 307 (1940); Lone Star Cement Corp. v. State Tax Commission, 234 Ala. 465, 175 So. 399 (1937); Craftsman Painters and Decorators, Inc. v. Carpenter, 111 Colo. 1, 137 P. 2d 414 (1943); Levine v. State Board of Equalization, 142 Cal.App.2d 760, 299 P.2d 738 (1956); Comptroller of the State of Maryland v. Hughes, Inc., 209 Md. 141, 120 A.2d 343 (1956).

 Nor can appellant claim an exemption under Article 20.04(N)(6) as one

selling a product that is exclusively used or employed on farms or ranches.

The pertinent statute as amended, is as follows:

Article 20.04(N) (Prior to October 1, 1968)

"There are exempted from the taxes imposed by this Chapter the receipts from sales of, and the storage, use or other consumption of:

(6) *Farm Machinery or equipment* exclusively used or employed on farms or ranches in the production of food for human consumption . . ."

Article 20.04(N) (October 1, 1968 and after)

"There are exempted from the taxes imposed by this Chapter the receipts from sales of, and the storage, use or other consumption of:

(6) *Machinery or equipment* exclusively used or employed on farms or ranches in the production of food for human consumption . . ., the building or maintaining of . . . water facilities . . ." [Emphasis added]

Exemptions from taxation should be strictly construed against the person claiming them. Hedgecroft v. City of Houston, 150 Tex. 654, 244 S.W.2d 632 (1952); B and P. O. E. v. City of Houston, 44 S.W.2d 488 (Tex.Civ.App.1931, error ref.); River Oaks Garden Club v. City of Houston, 370 S.W. 2d 851 (Tex.1963).

The exemption in question refers to *farm machinery or equipment.* Appellant

---

1. Article 20.021.

"(A) Every retailer shall add the sales tax imposed by Article 20.02 of this Chapter to his sale price and when added the tax shall constitute a part of the price, shall be a debt of the purchaser to the retailer until paid,

. . .

(I) Liability of Purchaser Giving Resale Certificate. If a purchaser who gives a resale certificate makes any use of the tangible personal property other than retention, demonstration or display while holding it for sale, lease or rental in the regular course of business or for transfer as an integral part of a taxable service in the regular course of business, the use shall be taxable to the purchaser as of the time when the tangible personal property is first so used, and the sales price of the tangible personal property to him shall be deemed the measure of the tax."

has not manufactured such an item. An irrigation ditch cannot be placed on the market for retail sale and therefore cannot qualify as "farm machinery or equipment", which are items of tangible personal property. See Morley, Com'r of Rev. v. E. E. Barber Construction Co., 220 Ark. 485, 248 S.W.2d 689 (1952). We also hold that the supply items not incorporated into the ditch are also not exempt from the tax.

■ Nor are we impressed with appellant's contention that, because of certain official rulings of the Comptroller exempting portable irrigation systems from taxation, holding appellant liable for the tax is to create a discriminatory and hence unconstitutional classification. First we must note that at no time was this theory urged, by pleading or evidence, in the trial of this lawsuit. Secondly, even if this be deemed an issue of potentially sufficient constitutional gravity that it could be first raised on appeal, we are of the opinion that mere references in appellant's brief to comptroller rulings which are not in the record before us are not sufficient to raise the issue.

The judgment of the trial court is affirmed.

Affirmed.