### LOYD W. RICHARDSON CONSTRUCTION COMPANY, Appellant,

v.

### Robert S. CALVERT, Comptroller of Public Accounts of the State of Texas, Appellee.

### No. 7582.

Court of Civil Appeals of Texas, Beaumont.

May 2, 1974.

Rehearing Denied May 30, 1974.

Harris, Cook, Browning & Barker, Corpus Christi, for appellant.

R. L. Lattimore, Asst. Atty. Gen., Austin, for appellee.

STEPHENSON, Justice.

This suit was brought by Loyd D. Richardson Construction Company (hereinafter called Company) against Robert S. Calvert, as Comptroller of Public Accounts for the State of Texas, for a refund of monies paid in state sales taxes. Trial was before the court and judgment was rendered that plaintiff take nothing.

The sole question before the trial court and here is whether the lease transaction in question is exempt under the provisions of Article 20.04(V), Taxation-General, V. A.T.S., which reads as follows:

"Transfers Without Substantial Change in Ownership. There are ex-

empted from the taxes imposed by this Chapter the receipts from the sale, lease or rental of, and the storage, use or other consumption in this State, pursuant to the terms of a good faith bona fide contractual relationship, of an interest in tangible personal property to a partner, co-owner or other person who before or after such a sale owns a joint or undivided interest (with the seller) in such tangible personal property where the Texas Limited Sales, Excise and Use Tax has previously been paid on such tangible personal property."

We follow the rules of construction imposed upon us by an uninterrupted line of decisions of the Supreme Court of Texas. One of the latest expressions is set forth in Hilltop Village, Inc. v. Kerrville Ind. Sch. Dist., 426 S.W.2d 943, 948 (Tex. 1968):

"All of the courts appear to pay homage to the rule that tax exemptions are subject to strict construction since they are the antithesis of equality and uniformity."

We find the statement in many many cases that exemptions from taxation are not favored and should be strictly construed. See Hedgecroft v. City of Houston, 150 Tex. 654, 244 S.W.2d 632 (1951); Santa Rosa Infirmary v. City of San Antonio, 259 S.W. 926 (Tex.Comm.App., 1924, judgment adopted); McCallum v. Associated Retail Credit Men of Austin, 41 S. W.2d 45 (Tex.Comm.App., 1931); City of Longview v. Markham-McRee Memorial Hosp., 137 Tex. 178, 152 S.W.2d 1112 (1941); Texas Unemployment Compensation Com'n. v. Bass, 137 Tex. 1, 151 S.W. 2d 567 (1941). See also, Able Irrigation Company v. Calvert, 495 S.W.2d 270 (Tex.Civ.App., Austin, 1973, no writ).

The facts were submitted to the trial court by stipulation, and are hereby an agreed statement. The Company was formed as a sole proprietorship in 1936 by Loyd W. Richardson. That business became a partnership in 1947 between Rich-

ardson and R. C. Thwing. Richardson died in 1958, and the business continued as a partnership, composed of Thwing and Richardson's surviving widow. In 1960, the Loyd W. Richardson Construction Corporation was organized for construction purposes, with the partnership retaining title to all of the equipment. The partnership and corporation were owned jointly and equally by Thwing and Mrs. Richardson. In 1965, the parties created a trust agreement under which Thwing's children became limited partners in the partnership, with an initial interest of 10 percent and reaching 30 percent by 1968. Under a written agreement, the corporation uses the equipment for which it makes monthly payments to the partnership. This is the lease transaction that plaintiff claims to be exempt.

The issue presented in this case is one of first impression. The caption to this statute "Transfers Without Substantial Change in Ownership" is somewhat misleading. However, the clear wording of the remainder of this statute leaves little doubt as to the type of transaction which is made exempt from the payment of a sales tax. The key words are "There are exempted from the taxes imposed by this Chapter the receipts from the . . . lease or rental of . . . an interest in tangible personal property to a partner, co-owner or other person who before or after such a [lease or rental] owns a joint or undivided interest (with the seller) in such tangible personal property. . . ."

It is apparent that the transaction involved in the case before us does not come within the terms of this exemption. The lease or rental is *not* to a partner or a co-owner, and is *not* to a person who, before or after such lease or rental, owns a joint or undivided interest with the [lessor] in such tangible personal property.

The corporation does not own a joint or undivided interest in the leased equipment with the partnership, either before or after the lease is made. The only interest which

the corporation has in the leased equipment is that which it acquired as lessee. It is clear to this court that the lessee-lessor relationship is not the type of joint ownership which would result in an exempt transaction under this statute.

Affirmed.