**DAVIS–KEMP TOOL CO., INC.,**
Appellant,

v.

**Bob BULLOCK, Comptroller of Public Accounts of the State of Texas, Appellee.**

No. 8304.

Court of Civil Appeals of Texas, Beaumont.

July 12, 1979.

Rehearing Denied July 31, 1979.

C. Ed Harrell, Houston, for appellant.

Myra A. McDaniel, Austin, for appellee.

KEITH, Justice.

Plaintiff sued to recover taxes assessed under the Limited Sales, Excise and Use Tax Act, *Title 122A, Tex.Tax.-Gen.Ann. Chapter 20 (1969 & Supp.1978–79)*, hereinafter simply the "Act". Refund was claimed pursuant to *Art. 20.10(G) and (H)* of the Act, relating to claims for overpayments and refunds. In a bench trial wherein extensive stipulations were filed and some oral testimony adduced, the trial court denied plaintiff any relief and it has appealed.

State's counsel has a crosspoint complaining of the lack of specificity in the claim for refund; but, we prefer to address the merits of the appeal and express no opinion as to the claims advanced by the State in the crosspoint. After a careful review of the contentions advanced by plaintiff, we find no error and the judgment will be affirmed for the reasons now to be stated.

Plaintiff is engaged in the business of furnishing specialized fishing and rental tools, along with highly skilled operators thereof, to entities engaged in the drilling and producing of oil and natural gas. It has contracts with several tool companies whereby it warehouses tools furnished by such companies for use by its customers when needed. Title to the tools remains in the tool companies and once used by plaintiff while working for a customer, the particular tool is returned to the owner for repair or other disposition.

Plaintiff's customers are billed on a long invoice which includes not only the rental cost of the particular tools involved, but the cost of transportation and the supervisor's

wages earned in the operation of the tools. Plaintiff reports to each of the tool companies every month as to the use and the rental charges for the tools and remits one-half thereof to the tool company involved. Until used by plaintiff while working for one of its customers, no rental is due and none is paid to the owner of the tools. Title to the tools always remains in the particular tool company and never passes to plaintiff or its customers.

The owners of the tools never deal directly with plaintiff's customers although they do set the price schedule which plaintiff is required to use in billing its customers. All risk of non-payment is borne by plaintiff.

The basic controversy between the parties turns upon plaintiff's status. The State contends that the contractual arrangements between the tool companies and plaintiff are such that, in law, the plaintiff is a lessee of the suppliers of the tools. State's counsel argues that the contracts are unambiguous and the Court is required to consider the rights of the parties thereunder in accord with the language selected by the parties. We agree. *City of Pinehurst v. Spooner Addition Water Co.*, 432 S.W.2d 515, 518 (Tex.1968); *Myers v. Gulf Coast Minerals Management Corp.*, 361 S.W.2d 193, 196 (Tex.1962).

It is shown by the joint stipulation that there has been a Comptroller's Ruling in effect since 1963[1] which covers tax treatment of services performed on oil and gas wells. This Ruling is further supported by one issued in 1969[2] relating to rentals and leases. The latter Ruling states that in transactions where equipment is furnished with an operator or supervisor, it is not considered a lease since the person furnishing the equipment retains control.

The testimony of plaintiff's officers confirms its control and possession of the tools. It furnishes the supervisor or operator who is the "one man who is qualified and knows

how to put these tools together to accomplish a given need." The tools are kept in its warehouses until taken to the job; and, while on the job, remain in possession of the supervisor or operator.

The State established the applicability of the 1969 Ruling to the facts in the case at bar. Thus, the arrangement between plaintiff and its customers was not a lease; plaintiff was simply providing a service to its customers and, incidentally, used equipment which it had leased from the owners of the tools. As to the relationship between the owners of the tools and plaintiff, the transaction was exempt from the provisions of the Act under the 1963 Ruling.

In making this determination we follow the rule that long-standing department construction of statutes is entitled to great weight. *Calvert v. Kadane*, 427 S.W.2d 605, 608 (Tex.1968); *Armco Steel Corp. v. Texas Employment Comm'n*, 386 S.W.2d 894, 896 (Tex.Civ.App.—Austin 1965, writ ref'd n. r. e.).

We agree with the State's contention which we paraphrase: Here the suppliers lease the equipment to plaintiff who then uses it in providing oil well services to its own customers. These customers do not use the equipment so that plaintiff is the ultimate consumer. There is no resale or re-lease of the equipment since plaintiff's customers never get control or dominion over the equipment.

As we understand its contention, plaintiff claims that it is exempt from taxation under the "Sale for Resale: Leasing or Renting" provision of the Act, *Art. 20.04(O)(1)*,[3] and its single authority is *Day & Zimmermann, Inc. v. Calvert*, 519 S.W.2d 106 (Tex. 1975). We find no merit to the argument advanced and the point is overruled.

One of the terms appearing upon plaintiff's memorandum accompanying its services is this:

1. Ruling No. 43. Oil, Gas and Related Well Service, July 1, 1963.

2. Ruling No. 95–0.43. Oil, Gas and Related Well Service, October 1, 1969.

3. The statute reads: "There are exempted from the taxes imposed by this Chapter the receipts from all sales for resale, leasing, renting or for transfer as an integral part of a taxable service rendered in the regular course of business."

"Customer acknowledges and agrees that in rendering services or furnishing equipment, including leased equipment, that DKTC [plaintiff] does so only as an independent contractor . . . ."

The record bears out this description of the relationship since the customer has no control over the equipment or plaintiff's personnel operating it on customer's job site. Moreover, there is no evidence that the owners of the tools ever sought to direct plaintiff in the conduct of its business, the number or type of tools to use, where or when to use the tools, or the hours of work of its employees, or to exercise any control whatsoever over the operation of plaintiff's business.

Plaintiff's status in relation to its tool suppliers and to its customers was that of an independent contractor under the rationale of *Industrial Indemnity Exchange v. Southard*, 138 Tex. 531, 160 S.W.2d 905, 907 (1942), and its progeny.

Under the undisputed record which we review, plaintiff's activities do not come within the exemption found in the statute which it cites. The tools in question were not acquired for resale or for re-lease; they were possessed by plaintiff for its own ultimate use as an independent contractor in servicing customers in need of the tools, men, and expertise it possessed.

Plaintiffs, seeking an exemption from taxation, encounter the rule expressed in *Hilltop Village, Inc. v. Kerrville Independent School District*, 426 S.W.2d 943, 948 (Tex.1968):

"All of the courts appear to pay homage to the rule that tax exemptions are subject to strict construction since they are the antithesis of equality and uniformity."

See also *Loyd W. Richardson Constr. Co. v. Calvert*, 509 S.W.2d 696, 697 (Tex.Civ.App. —Beaumont), writ ref'd n. r. e. per curiam, 518 S.W.2d 545 (Tex.1974), and authorities therein cited.

We find no ambiguity in the statute, the Comptroller's Rulings, or in the written evidence before us. Consequently, we have no occasion to invoke the rule of construction

mentioned in *Wilson Communications, Inc. v. Calvert*, 450 S.W.2d 842, 844 (Tex.1970), and reaffirmed in *Bullock v. Statistical Tabulating Corp.*, 549 S.W.2d 166, 169 (Tex. 1977).

Finally, plaintiff argues that its services are not subject to taxation under the Act and relies upon language found in *Bullock v. Statistical Tabulating Corp.*, supra.

The taxes in question were not levied upon the lease of the tools by plaintiff from the owners; instead, the tax was incurred when plaintiff, as an independent contractor, used the tools and its own personnel in working upon the rigs of its customers. *Statistical Tabulating* involved the question of whether there was or was not a sale of tangible personal property. We do not find the case to be in point in the case at bar.

Each of plaintiff's points, after consideration, are overruled and the judgment of the trial court is AFFIRMED.